The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYLE PARSONS, individually,

Plaintiff,

v.

PROVIDENCE HEALTH & SERVICES - WASHINGTON, a Washington non-profit corporation,

Defendant.

Case No. 2:24-cv-02033-MLP

**STIPULATED PROTECTIVE ORDER AND FRE 502(D) AND (E) CLAWBACK AGREEMENT**

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order and Clawback Agreement. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall mean information (regardless of how generated, stored, or

STIPULATED PROTECTIVE ORDER
AND FRE 502(D) AND (E) CLAWBACK AGREEMENT
CASE NO. 2:24-CV-02033-MLP

**Error! Unknown document property name.**

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

maintained) that has not been made public or is not otherwise available or accessible in the public domain and that concerns or relates to the confidential or proprietary information of either party or any third parties. This includes the following documents and tangible things produced or otherwise exchanged: (a) Sensitive personal identifying information, including, but not limited to, the personal identifiers listed in LCR 5.2(a), individuals' private employment records, and documents which are protected by the Health Insurance Portability and Accountability Act; (b) Non-public financial, accounting, commercial, proprietary data or applications, or other proprietary or trade secret information of the parties; (c) Non-public financial, accounting, commercial, proprietary data or applications, or other private or confidential information of any current or former customer or business partner of the parties; (d) Information over which the designating party is obligated to maintain confidentiality by law, contract, or otherwise; and (e) Information expressly designated as, and reasonably believed by the designating party to be, confidential in nature.

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures

STIPULATED PROTECTIVE ORDER
AND FRE 502(D) AND (E) CLAWBACK AGREEMENT
CASE NO. 2:24-CV-02033-MLP
**Error! Unknown document property name.**

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON  98101.3122
206.623.3300

that access is limited to the persons authorized under this agreement.

   4.2  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

   (a)  the receiving party and receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

   (b)  the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

   (c)  experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (d)  the court, court personnel, and court reporters and their staff;

   (e)  copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

   (f)  during their depositions, witnesses who have been disclosed and, in the attorney's professional judgment, to whom disclosure is reasonably necessary, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

   (g)  the author or recipient of a document containing the information or a

STIPULATED PROTECTIVE ORDER
AND FRE 502(D) AND (E) CLAWBACK AGREEMENT
CASE NO. 2:24-CV-02033-MLP

**Error! Unknown document property name.**

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON  98101.3122
206.623.3300

custodian or other person who otherwise possessed or knew the information; and

(h) Mediators engaged by the parties.

4.3 <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily

STIPULATED PROTECTIVE ORDER
AND FRE 502(D) AND (E) CLAWBACK AGREEMENT
CASE NO. 2:24-CV-02033-MLP

**Error! Unknown document property name.**

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the

STIPULATED PROTECTIVE ORDER
AND FRE 502(D) AND (E) CLAWBACK AGREEMENT
CASE NO. 2:24-CV-02033-MLP

**Error! Unknown document property name.**

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

producing party, to the extent practicable, shall identify the protected portion(s).

    5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

    6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

    6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may

STIPULATED PROTECTIVE ORDER
AND FRE 502(D) AND (E) CLAWBACK AGREEMENT
CASE NO. 2:24-CV-02033-MLP

**Error! Unknown document property name.**

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

Counsel in possession of another party's Confidential information shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential information, protect against any reasonably anticipated threats or hazards to the security of such Confidential information, and protect against unauthorized access to or use of such Confidential information. To the extent Counsel does not have an information security program they may comply with this provision by having the Confidential information managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program.

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving

STIPULATED PROTECTIVE ORDER
AND FRE 502(D) AND (E) CLAWBACK AGREEMENT
CASE NO. 2:24-CV-02033-MLP

**Error! Unknown document property name.**

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

If the receiving party discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's Confidential information, the receiving party shall: (a) promptly provide written notice to the designating party of such breach; (b) investigate and take reasonable efforts to remediate the effects of the breach, and provide the designating party with assurances reasonably satisfactory to the designating party that such breach shall not recur; and (c) provide sufficient information about the breach that the designating Party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement, or order to disclose such information, the receiving party shall take all reasonable steps to give the designating party sufficient prior notice in order to contest such request, requirement, or order through legal means. The receiving party agrees to cooperate with the designating party or law enforcement in investigating any such security incident. In any event, the receiving party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

9.    **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein. The parties agree to the protection of privileged and

STIPULATED PROTECTIVE ORDER
AND FRE 502(D) AND (E) CLAWBACK AGREEMENT
CASE NO. 2:24-CV-02033-MLP

**Error! Unknown document property name.**

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

otherwise protected documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

(a) The disclosure or production of documents by a producing party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a receiving party, shall in no way constitute the voluntary disclosure of such document.

(b) The inadvertent disclosure or production of any document in this action shall not result in the waiver of any privilege, evidentiary protection, or other protection associated with such document as to the receiving party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c) If, during the course of this litigation, a party determines that any document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

(i) the receiving party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the producing party in writing that it has discovered documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value; and, (D) within ten days of discovery by the receiving party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts, or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the receiving party. Notwithstanding, the receiving party is under no obligation to search or review the producing party's documents to identify potentially privileged or work product Protected Documents.

STIPULATED PROTECTIVE ORDER
AND FRE 502(D) AND (E) CLAWBACK AGREEMENT
CASE NO. 2:24-CV-02033-MLP

**Error! Unknown document property name.**

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

(ii) If the producing party intends to assert a claim of privilege or other protection over documents identified by the receiving party as Protected Documents, the producing party will, within ten days of receiving the receiving party's written notification described above, inform the receiving party of such intention in writing and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

(d) If, during the course of this litigation, a party determines it has produced a Protected Document:

(i) the producing party may notify the receiving party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The producing party's written notice will identify the Protected Document inadvertently produced by Bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

(ii) The receiving party must, within ten days of receiving the producing party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts, or compilations of the content thereof. To the extent that a Protected

STIPULATED PROTECTIVE ORDER
AND FRE 502(D) AND (E) CLAWBACK AGREEMENT
CASE NO. 2:24-CV-02033-MLP

**Error! Unknown document property name.**

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database.

(e) To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the receiving party prior to the date of receipt of written notice by the producing party as set forth in paragraphs (c)(ii) and d(i), then the receiving party shall sequester such documents until the claim has been resolved. If the receiving party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(f) The receiving party's return, sequestering, or destruction of Protected Documents as provided herein will not act as a waiver of the requesting party's right to move for the production of the returned, sequestered, or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the receiving party is prohibited and estopped from arguing that:

(i) the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

(ii) the disclosure of the Protected Documents was not inadvertent;

(iii) the producing party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

(iv) the producing party failed to take reasonable or timely steps to rectify the error.

(g) Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The producing party shall preserve the Protected Documents until such claim is resolved. The receiving party may not use the Protected Documents for any purpose absent this Court's order.

(h) Upon a determination by the Court that the Protected Documents are protected by the

STIPULATED PROTECTIVE ORDER
AND FRE 502(D) AND (E) CLAWBACK AGREEMENT
CASE NO. 2:24-CV-02033-MLP

**Error! Unknown document property name.**

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the receiving party, and subject to the exceptions outlined in Paragraph 10 below, the Protected Documents shall be returned or destroyed within 10 days of the Court's order. The Court may also order the identification by the receiving party of Protected Documents by search terms or other means.

(i)    Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information), and other information, including without limitation, metadata, for relevance, responsiveness, and/or the segregation of privileged and/or protected information before such information is produced to another party.

(j)    By operation of the parties' agreement, the parties are specifically afforded the protections of Fed. R. Evid. 502(e).

10.    <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

(a)    Within 60 days after the termination of this action, including all appeals, each receiving party, upon written request, must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

(b)    If Confidential material or Protected Documents have been loaded into any litigation review database, the attorney for the party using such database shall have the responsibility of ensuring that all such Confidential material or Protected Documents, including all associated images and native files, are extracted from such databases (including any associated staging databases) and destroyed. "Destroyed" shall mean deletion of documents from all databases, applications, and/or file systems in a manner such that they are not readily accessible without the use of specialized tools or techniques typically used by a forensic expert.

(c)    Counsel of record for the parties may retain copies of any part of the Confidential

STIPULATED PROTECTIVE ORDER
AND FRE 502(D) AND (E) CLAWBACK AGREEMENT
CASE NO. 2:24-CV-02033-MLP

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

Error! Unknown document property name.

material or Protected Documents produced by others that has become part of counsel's official file of this litigation as well as abstracts or summaries of materials that reference Confidential material or Protected Documents that contain counsel's mental impressions or opinions. Such copies shall remain subject to the terms of this Protective Order.

(d) The parties, counsel of record for the parties, and experts or consultants for a party shall not be required to return or to destroy any Confidential material or Protected Documents to the extent such information is (i) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes, or (ii) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any Confidential material or Protected Documents are not returned or destroyed due to the foregoing reasons, such Confidential material or Protected Documents shall remain subject to the confidentiality obligations of this Protective Order.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

11. COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in FRCP 6.

//
//
//
//
//
//
//
//

STIPULATED PROTECTIVE ORDER
AND FRE 502(D) AND (E) CLAWBACK AGREEMENT
CASE NO. 2:24-CV-02033-MLP

Error! Unknown document property name.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON  98101.3122
206.623.3300

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

DATED: March 11, 2025

*s/Matthew J. Bean*
Matthew J. Bean, WSBA #23221
matt@beanlawgroup.com
Jason W. Preston, WSBA #61451
jason@beanlawgroup.com

BEAN LAW GROUP
2200 6th Ave., Suite 500
Seattle, WA 98121
Tel: 206-522-0618

*Attorneys for Plaintiff*

*s/Ryan P. Hammond*
Ryan P. Hammond, WSBA #38888
rhammond@littler.com
Natasha Mishra, WSBA #62306
nmishra@littler.com

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
Phone: 206.623.3300
Fax:     206.447.6965

*Attorneys for Defendant*

STIPULATED PROTECTIVE ORDER
AND FRE 502(D) AND (E) CLAWBACK AGREEMENT
CASE NO. 2:24-CV-02033-MLP

**Error! Unknown document property name.**

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON  98101.3122
206.623.3300

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

Dated this <u>11th</u> day of March, 2025.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER
AND FRE 502(D) AND (E) CLAWBACK AGREEMENT
CASE NO. 2:24-CV-02033-MLP

**Error! Unknown document property name.**

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of **Kyle Parsons vs. Providence Health & Services – Washington, Case No. 2:24-cv-02033-MLP**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

STIPULATED PROTECTIVE ORDER
AND FRE 502(D) AND (E) CLAWBACK AGREEMENT
CASE NO. 2:24-CV-02033-MLP

**Error! Unknown document property name.**

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3200
SEATTLE, WASHINGTON 98101.3122
206.623.3300